NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HAROLD ARNALDO HERNANDEZ,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2016-1933

---

Petition for review of the Merit Systems Protection Board in No. AT-3443-15-0764-I-1.

---

Decided: October 14, 2016

---

HAROLD ARNALDO HERNANDEZ, Tampa, FL, pro se.

KATRINA LEDERER, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before MOORE, WALLACH, and CHEN, *Circuit Judges.*

PER CURIAM.

Harold Arnaldo Hernandez appeals from a Merit Systems Protection Board ("Board") decision dismissing his appeal for lack of jurisdiction. We *affirm* the dismissal of Mr. Hernandez's appeal.

BACKGROUND

Mr. Hernandez entered an excepted service position as a Special Agent with the Federal Bureau of Investigation ("agency") on August 10, 2014. Prior to his agency employment, he served in the United States Army and in a volunteer position with the United States Civil Air Patrol. The agency granted him veteran's preference, which required him to complete only one year of probationary status. On March 19, 2015, the agency terminated him "for failure to meet the suitability standards." On July 24, 2015, he appealed his termination to the Board. He argued the agency did not use proper procedures when it removed him from federal service. He also alleged wrongful termination based on racial discrimination, in violation of 5 U.S.C. § 2302, and discrimination based on his prior military service, in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA").[1]

In the Initial Decision, the Administrative Judge ("AJ") dismissed Mr. Hernandez's appeal for lack of jurisdiction for failing to satisfy the one-year current continuous service requirement of 5 U.S.C. § 7511(a)(1)(B). Mr. Hernandez petitioned for review, and the Board affirmed the Initial Decision. Mr. Hernandez appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

---

[1] The Administrative Judge docketed and processed Mr. Hernandez's USERRA claim as a separate appeal in Case No. AT-4324-15-0765-I-1 (companion Case No. 16-1934 in this court).

DISCUSSION

Our review of the Board's decision is limited by statute. We must affirm a final decision of the Board unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c). The Board's decision to dismiss for lack of jurisdiction presents an issue of law that we review de novo. *Campion v. Merit Sys. Prot. Bd.*, 326 F.3d 1210, 1212 (Fed. Cir. 2003). We review the factual findings underlying the Board's decision for substantial evidence. *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. Nat'l Labor Relations Bd.*, 305 U.S. 197, 229 (1938). Mr. Hernandez bears the burden of establishing Board jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(2)(i)(A).

An employee may submit an appeal to the Board from any action which is appealable to the Board under any law, rule, or regulation. 5 U.S.C. § 7701(a). Pursuant to 5 U.S.C. § 7511 for the purposes of this case, an "employee" is a preference eligible in the excepted service who has completed one year of current continuous service in the same or similar positions in an Executive agency. 5 U.S.C. §§ 7511(b)(8), (a)(1)(B)(i).

On appeal, Mr. Hernandez argues the Board has jurisdiction over his appeal from a termination decision by the agency because he completed one year of current continuous service. *Hernandez Br.* 1, 6. He argues his military service as an officer in the United States Army credits toward the completion of his one year of current continuous service. *Id.* at 6. The Board affirmed the AJ's finding that, based upon Mr. Hernandez's appeal form

and the Standard Form 50, Mr. Hernandez began employment with the agency in an excepted service position with veteran's preference on August 10, 2014. It is undisputed that the agency terminated Mr. Hernandez effective March 19, 2015, approximately seven months after he began his employment with the agency. The Board found Mr. Hernandez did not meet the one-year current continuous service requirement of 5 U.S.C. § 7511(a)(1)(B) in his role as a Special Agent. The Board determined that military service cannot be added to civilian service for the purposes of satisfying the service requirement of 5 U.S.C. § 7511(a)(1)(B). We see no error in the Board's decision and conclude that there is substantial evidence to support the Board's finding that Mr. Hernandez did not complete one year of current continuous service prior to his termination.

We have considered Mr. Hernandez's remaining arguments and find them unpersuasive. A "mixed case appeal" brought before the Board alleges "*an appealable agency action* was effected, in whole or in part, because of discrimination." 29 C.F.R. § 1614.302 (emphasis added). The Board may only adjudicate the discrimination claim if it has jurisdiction to review the appealable agency action. 5 U.S.C. § 7702; *Conforto v. Merit Sys. Prot. Bd.*, 713 F.3d 1111, 1115 (Fed. Cir. 2013). Since the Board lacked jurisdiction over Mr. Hernandez's agency action, it did not have jurisdiction over his race discrimination claim. Similarly, 5 C.F.R. § 315.806 provides no relief to Mr. Hernandez because it only applies to probationary employees in the competitive service, and Mr. Hernandez held an excepted service position. *Mancha v. Dep't of Homeland Sec.*, 112 M.S.P.R. 216 (M.S.P.B. 2009).

CONCLUSION

For the foregoing reasons, the decision of the Board is *affirmed*.

**AFFIRMED**

COSTS

No costs.